IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ALISHA N. DANSBY, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 12-1278-MLB-KGG |
| | ) | |
| JARRETT T. CULLENS, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

Plaintiff's pro se complaint asserted a right to relief under the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1901 et seq. (Doc. 1). Plaintiff, a Kern-Clifton Cherokee Indian, alleged that defendant, her former husband, has violated a child-custody agreement from their state court divorce proceeding. She says defendant was granted custody of the couple's three children in that proceeding, but he has the children living in a foster home run by defendant's parents and has otherwise failed to properly care for them. Plaintiff seeks to have the children placed in her custody.

Defendant filed a motion to dismiss the complaint, arguing the ICWA does not apply to these facts. (Doc. 9). After plaintiff failed to respond, the court ordered her to show cause why the case should not be dismissed for lack of jurisdiction. (Doc. 11). Plaintiff has failed to respond to the court's order to show cause.

As defendant points out, the ICWA's foster care provisions apply only to proceedings removing an Indian child from its parent for temporary placement in a foster home when the parent cannot have the child returned upon demand. 25 U.S.C. §1903(1)(i). No such facts are

alleged here. Moreover, the ICWA child custody provisions do not apply to a placement based upon a divorce proceeding award of custody to one of the child's parents. See Comanche Indian Tribe of Okla. v. Hovis, 53 F.3d 298, 299 (10th Cir. 1995) ("child custody proceeding" under ICWA does not include award of custody to one of the parents in a divorce proceeding).

The facts alleged in the complaint fail to show any basis for federal jurisdiction. Any request to alter the current custody arrangement should likely be directed to the District Court of Wallace County, Kansas, which entered the divorce decree. See Doc. 10-1 at 3 ("The parties further understand that this agreed custody arrangement is subject to the orders of the District Court of Wallace County, Kansas.").

Defendant's Motion to Dismiss (Doc. 9) is GRANTED. The action is dismissed without prejudice for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 17th day of December 2012, at Wichita, Kansas.

                                        s/Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE

-2-